UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN K. STANLEY, | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:11-cv-1360 (CFD) |
| | : | |
| SERGEANT WILLIAM MEIER, ET AL., | : | |
| Defendants. | : | |

**INITIAL REVIEW ORDER**

The plaintiff was incarcerated at Osborn Correctional Institution in Somers, Connecticut, when he filed this complaint *pro se* under 42 U.S.C. § 1983. He now resides in Tolland, Connecticut. The plaintiff sues Sergeant William Meier, Lieutenant Brian Smith and Officers Robert V. Wyse and David A. Provencher. All defendants are members of the Vernon Police Department.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes

only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on September 18, 2009, defendants Wyse and Provencher used excessive force against him during his arrest. He also claims that defendants Smith and Meier failed to take any action after the plaintiff reported the use of excessive force. In addition he alleges that all the defendants failed to call medical assistance in a timely manner and prevented him from signing a statement, apparently concerning his treatment by the police.

The plaintiff concedes that he filed a civil rights action in October 2009 in this court naming Sergeant William Meier, Lieutenant Brian Smith and Officers Robert Wyse and David Provencher as defendants. *See Stanley v. Meier*, Case No. 3:09-cv-1643 (CFD). A review of the complaint filed in that action reveals the same claims of excessive use of force and failure to provide timely medical assistance as are raised in the complaint filed in this action.

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). The Second Circuit has concluded

2

that "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.* (citations omitted). The general rule is that the first suit to be filed "should have priority absent the showing of balance of convenience . . . or . . . special circumstances" in favor of the second action. *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions. *See Connecticut Fund for the Environment v. Contract Plating Co.*, 631 F. Supp. 1291, 1293 (D. Conn. 1986).

The complaints filed in both this action and the prior action include the same claims against the same defendants. All claims in the present action are dismissed under the prior pending action doctrine. *See* 28 U.S.C. § 1915A(b)(1).

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims against all defendants are **DISMISSED** as barred by the prior pending action doctrine. *See* 28 U.S.C. § 1915A(b)(1). Accordingly, no federal claims against the defendants remain pending. The court declines to exercise supplemental jurisdiction over any state law claims against the defendants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts). If the plaintiff chooses to appeal this decision, he

3

may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

    (2) The Clerk is directed to enter judgment for the defendants and close this case.

**SO ORDERED.**

Dated this 14th day of October 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE